**Patrick B. Hughes (Bar No. 16648)**
phughes@adamsjones.com
**ADAMS JONES LAW FIRM, P.A.**
1635 N. Waterfront Parkway, Suite 200
Wichita, KS  67206
Telephone:  (316) 265-8591
Facsimile:  (316) 265-9719

Brett L. Foster (*pro hac vice* applicant)
foster.brett@dorsey.com
Tamara L. Kapaloski (*pro hac vice* applicant)
kapaloski.tammy@dorsey.com
**DORSEY & WHITNEY LLP**
111 South Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373

*Attorneys for Plaintiffs Parah, LLC and Ozonics, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PARAH, LLC**, a Texas limited liability company, and **OZONICS, LLC**, a Texas limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> **MOJACK DISTRIBUTORS, LLC**, a Kansas limited liability company, d/b/a **SCENT CRUSHER**, <br><br> Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br> Civil Case No. _____ |

Plaintiffs Parah, LLC and Ozonics, LLC (collectively "Ozonics") in support of their Complaint for patent infringement against Defendant MoJack Distributors, LLC, d/b/a Scent Crusher (collectively "Scent Crusher") allege as follows:

## NATURE OF ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.  Ozonics brings this suit based on Defendant's deliberate infringement of Ozonics' patents covering methods for descenting a hunter's clothing.  Ozonics practices its patented scent elimination technology through its portable ozone generators designed for use by hunters in the field.  This innovation, which is the lifeblood of Ozonics, literally created a new product category in the hunting industry and Ozonics has diligently and successfully enforced its patents.

2.     Scent Crusher also sells products to hunters designed to eliminate odors through ozone technology.  Up until June of 2018, Scent Crusher's product line consisted of gear bags, totes, closets, and other products that did not practice the claims in Ozonics' patents.  After several attempts to acquire Ozonics' patented technology through lawful means failed,  Scent Crusher chose to infringe Ozonics' patents by offering copycat portable ozone generators for use by hunters in the field despite full knowledge of Ozonics' patents.

3.     Ozonics seeks preliminary and permanent injunctive relief to prevent Scent Crusher from selling its copycat products and restraining it from further infringement.  Ozonics also seeks damages, enhanced damages, and attorneys' fees.

## PARTIES, JURISDICTION AND VENUE

4.     Plaintiff Parah, LLC ("Parah") is a Texas limited liability company having its principal place of business at P.O. Box 598, Lake Jackson, Texas 77566.  Parah owns the patent-in-suit and exclusively licenses it to co-plaintiff Ozonics, LLC.

2

5.      Plaintiff Ozonics, LLC "(Ozonics") is a Texas limited liability company having its principal place of business at P.O. Box 598, Lake Jackson, Texas 77566 and at www.ozonicshunting.com.  Ozonics, as an exclusive licensee of the patent-in-suit, sells unique, patented ozone generator systems throughout the United States, including this judicial district. Ozonics and Parah are collectively referred to herein as "Ozonics."

6.      Parah and Ozonics are both owned by the founder and inventor of the patents-in-suit, Scott Elrod.

7.      Defendant MoJack Distributors, LLC is a Kansas limited liability company with a place of business at 3535 N. Rock Road, Suite 300, Wichita, KS 67226.  Upon information and belief, Scent Crusher is a d/b/a of MoJack Distributors, LLC.  Defendant will be referred to herein as "Scent Crusher."  Upon information and belief, Scent Crusher sells and distributes products that use ozone technology to the hunting industry.  Scent Crusher sells and distributes its products throughout the United States, including this judicial district, through distributors, dealers, and/or retail websites.

8.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

9.      This Court possesses personal jurisdiction over Scent Crusher because upon information and belief, Scent Crusher's principal place of business is in this judicial district, and Scent Crusher knowingly and intentionally committed acts of patent infringement at least in this District, including the sale, offering for sale and/or advertising of infringing products in this

District.  Scent Crusher regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District.

**GENERAL ALLEGATIONS**

10.     Ozonics owns or exclusively licenses a valid and enforceable United States patent, U.S. Patent No. 8,404,180 (the "'180 patent"), entitled "Method of Descenting Hunter's Clothing." The '180 Patent issued on March 26, 2013.  A true and correct copy of the '180 patent is attached as **Exhibit A**.

11.     Ozonics owns or exclusively licenses a valid and enforceable United States patent, U.S. Patent No. 8,557,177 (the "'177 patent"), entitled "Method of Descenting Hunter's Clothing." The '177 patent issued on October 15, 2013.  A true and correct copy of the '177 patent is attached as **Exhibit B**.

12.     Ozonics owns or exclusively licenses a valid and enforceable United States patent, U.S. Patent No. 7,939,015 (the "'015 patent"), entitled "Method of Descenting Hunter's Clothing." A true and correct copy of the '015 patent is attached as **Exhibit C**.  The '177 patent, '180 patent, and '015 patent are collectively referred to as the "Ozonics Patents" or as Ozonics' Patents.

13.     The '015 patent application was filed with the United States Patent and Trademark Office ("USPTO") in 2004.  The '177 and '180 patents derive from continuations of the '015 patent application.  During prosecution of the Ozonics Patents, all of the known prior art was submitted to the USPTO.  Upon information and belief, the USPTO also conducted its own searches.  This prior art is listed on the face of the patents. *See* Exhibits A-C.  In sum, the USPTO considered at least 150 prior art patents and references before granting the Ozonics Patents.

14.     Among other things, the Ozonics Patents cover methods of deodorizing or removing human scent or any other foreign scent from the clothing or equipment of a hunter[1] through a portable oxidizing gas generator that is used in the field for discharging a stream of ozone which acts as an oxidizing gas.  The commercial embodiment of these inventions uses a portable gas generator taken into the field that transforms oxygen molecules typically present in the air we breathe ($O_2$) into ozone molecules ($O_3$), which then bond with the scent molecules being constantly produced by a hunter and his or her equipment.  The inventions deodorize a hunter, his/her clothing, and his/her equipment, so that human-related odor or scents are not detectable by deer and other wild game.

15.     Although Ozonics has sold five different models of portable ozone generators since its founding in 2007, Ozonics' current models are the HR300 and HR230, shown below:



---

[1] As indicated in the Ozonics Patents, "hunter" refers to those in the field with cameras as well as archery equipment and firearms.

16. Ozonics' portable ozone generators are designed to be used by hunters in the field—i.e., in tree stands or in blinds, as shown by the following pictures of hunters using Ozonics' products in the field:



17. Ozonics has invested heavily in marketing this use to its customers and instructing them on how to use the products in tree stands and in blinds, as shown in Ozonics' product manual:



18.     Scent Crusher makes, imports, uses and sells products in the hunting industry that use ozone technology designed to descent hunter's clothing and gear under the Scent Crusher brand.   Until recently, Scent Crusher's products have steered clear of Ozonics' Patents, and included only ozone gear bags, ozone totes, ozone closets, portable ozone units for vehicles, and ozone equipment stations designed for boots and gear.

19.     Scent Crusher is aware of Ozonics' Patents.

20.     Scent Crusher has made several attempts in the past to obtain Ozonics' patented technology.

21.     In or about February of 2015, Ozonics discovered that Scent Crusher was making, using, offering for sale, and/or selling portable ozone generators, which Scent Crusher advertised were to be taken to the field and used for hunting.

22.     In response, on March 4, 2015, Ozonics sent Scent Crusher a cease-and-desist letter advising Scent Crusher that its activities in relation to these portable ozone generators constituted infringement of Ozonics patents.   Ozonics demanded that Scent Crusher stop its infringement or face immediate legal action.   Ozonics included copies of the '180 Patent the '177 Patent in its letter to Scent Crusher.

23.     Upon information and belief, following receipt of Ozonics' 2017 cease-and-desist letter, Scent Crusher ceased its infringing conduct.   Ozonics hoped and believed that there would be no further attempts by Scent Crusher to infringe the Ozonics Patents.

24.     In or about April of 2017, Scent Crusher approached Ozonics with an offer to buy Ozonics for ten million dollars ($10,000,000.00).   Ozonics respectfully declined this offer.

25.     In or about November of 2017, Scent Crusher once again approached Ozonics and requested that Ozonics enter into a joint venture type arrangement with Scent Crusher to sell Ozonics' patented technology.  Ozonics respectfully declined this offer.

26.     At that time, Scent Crusher requested that Ozonics alternatively permit Scent Crusher to license Ozonics' patented technology such that Scent Crusher would be legally entitled to sell portable ozone generators to hunters for use in the field.  Ozonics respectfully declined to license its patented technology to Scent Crusher.   Ozonics' business model is to exclusively commercially exploit its patented technology.

27.     To Ozonics' shock and great disappointment, in June of 2018, Ozonics discovered that Scent Crusher had announced plans to begin making and selling a "Field Unit."  As "New for 2018," Scent Crusher announced two portable ozone generator devices which it was calling the "Field Lite" and "Field Pro":

 

28.     The pictures in the announcement show hunters using the Field Pro and Field Lite in-the-field, i.e., in tree stands.

29.     Scent Crusher also announced that the field units would be available to ship the week of August 6, 2018.

30.      Shortly   thereafter,   Ozonics   discovered   Scent   Crusher's   retailers,   including

Lancaster Archery Supply, were offering the Field Pro and Field Lite for sale on their websites:



31.      The product descriptions for the Field Pro and Field Lite indicate that their intended

use is by hunters in-the-field.  According to the advertisement, the Field Pro "is your scent control

blanket for the tree stand and ground blind," and the Field Lite's "design allows the hunter to use

it in a tree stand, ground blind, or for spot and stalk hunts."

32.   The retailers' advertisements for the Field Pro and Field Lite include the same pictures of hunters using the products in the field as did Scent Crusher's product announcement, including the following:



33.   On June 26, 2018, Scent Crusher issued a press release publicly "[i]ntroducing the all new Field Lite and Field Pro in the field ozone generators."  Among other things, in its press release Scent Crusher described its Field Lite ozone generator as "[d]esigned for the hunter that doesn't want to take up added space in his pack," and its Field Pro as providing "a wider blanket and added ozone output."

34.   By July 9, 2018, numerous Scent Crusher retailers were marketing and offering to sell Scent Crusher's Field Pro and Field Lite ozone generators on their websites, including Cabela's, BowHunting Outlet.Com, and Mack's Prairie Wings.  The pictures and product descriptions on these retailers' websites made clear that the Field Pro and Field Lite were intended and designed to be used by hunters in the field.

35.   On or about July 10, 2018, Scent Crusher added its Field Pro and Field Lite devices to the list of products it advertises on its website:



Scent Crusher's website includes the same pictures that are available on the websites of Scent

Crusher's retailers:





36.     Scent Crusher's website also describes the Field Pro and Field Lite in identical language as do its retailers.  Scent Crusher provided the pictures and product conduct to its retailers for inclusion on their websites.

37.     By making and offering to sell portable ozone generating devices and advertising them as designed and intended for use in the field by hunters, Scent Crusher is using the technology covered by Ozonics' Patents to unlawfully compete directly with Ozonics for the exact same customers.

38.     As offered for sale, Scent Crusher's Field Pro and Field Lite practice the inventions claimed in the Ozonics Patents.  Scent Crusher's Field Pro and Field Lite products are portable oxidizing gas generators configured for transport into the field by a hunter for the purpose of discharging a stream of oxidizing gas.  Scent Crusher's promotional materials for its Field Pro and Field Lite instruct hunters to transport the products to a field for discharging a stream of oxidizing gas (i.e., ozone) for purposes of eliminating human scent.

39.     Specifically, the Field Lite product is described as "[c]ompact and lightweight" allowing for easy portability to the field. The Field Lite also has "ample ozone output for most hunting situations" and "allows the hunter to use [the Field Lite] in a tree stand, ground blind, or for spot and stalk hunts."  The Field Lite has a series of slits or vents on the front of the product allowing for discharge of a stream of ozone.

40.     Scent Crusher's promotional materials state that the Field Pro has "[v]ent ports on the front and side for an industry leading 270° of coverage and 60% more ozone output than any comparable field product . . . with high quality fan for quiet operation."  The Field Pro is battery operated, allowing for use in the field in the manner depicted in promotional images.

"Directional vent ports" on the front and sides of the Field Pro allow for discharge of one or more streams of oxidizing gas.  *See* http://www.theoutdoorwire.com/story/1ea5aa38-2863-4bfc-a779-8540624e352d.

41.    Scent Crusher's promotional materials describe the Field Lite as providing  "ample ozone output for most hunting situations", and for creating a "circle of protection" for "the hunter to use[] in a tree stand, ground blind, or for spot and stalk hunts."  The Field Pro is described as providing a "scent control blanket," and as having a battery allowing for "longer hunts on a single charge."

42.    Scent Crusher's promotional materials instruct that the Field Pro and Field Lite are to be used by positioning the portable oxidizing gas generator in the field where the hunter, the hunting clothing, the hunting equipment and game animals are present.

 



43.     By making, using, offering for sale, and/or selling, the Field Pro and Field Lite and advertising that they are intended to be used by hunters in the field to eliminate scent, Scent Crusher is directly infringing at least claims 1, 3, 7, and 11 of the '180 patent, claims 1, 2, and 4 of the '177 patent, and claims 1 and 4 of the '015 patent.

44.     Upon information and belief, Scent Crusher has also actively induced others, including customers, distributors, and retailers, to infringe the Ozonics Patents by making, selling, distributing, and marketing the Field Pro and Field Lite for use in the field by hunters and actively promoting them in a way that instructs and encourages others to use them in a manner that infringes at least claims 1, 3, 7, and 11 of the '180 patent, claims 1, 2, and 4 of the '177 patent, and claims 1 and 4 of the '015 patent.

45.     At no time has Ozonics given Scent Crusher permission, license, or authorization to use the patented ozone generator technologies.  In fact, in or about April of 2017, Ozonics expressly declined Scent Crushers' request to license the technology.

46.     Despite having knowledge of Ozonics' patent rights, Scent Crusher has continued and will likely continue to willfully and deliberately engage in acts of infringement of the Ozonics patents unless enjoined by this Court.

47.     Defendants' continued making, using, selling, offering for sale, and/or distribution of the Field Pro and Field Lite, and its active encouragement and inducement of others to do the same, has injured, is injuring, and will continue to cause irreparable injury to Ozonics.

### FIRST CAUSE OF ACTION
**(Patent Infringement Pursuant to 35 U.S.C. § 271(a) and § 271(b))**

48.     Plaintiffs re-allege and incorporate by this reference the preceding allegations of this Complaint.

49.     Plaintiff Parah, LLC owns the Ozonics Patents and exclusively licenses them to Ozonics, LLC.  The Ozonics Patents are valid and enforceable United States patents.  Ozonics has standing to sue for infringement of the Ozonics Patents.

50.     Scent Crusher's actions as described above infringes at least claim 1 of the '015 patent, claim 1 of the '180 patent, and claim 1 of the '177 patent under 35 U.S.C. § 271(a), as shown in the infringement charts attached as **Exhibits D-F**.

51.     In addition to directly infringing the Ozonics Patents, Scent Crusher indirectly infringes and induces infringement of at least claim 1 of the '015 patent, claim 1 of the '180 patent, and claim 1 of the '177 patent under 35 U.S.C. § 271(b) as shown in the infringement charts attached as Exhibits D-F.

52.     On information and belief, Defendants know or should have known that its actions induce others, or are highly likely to induce others, to infringe the Ozonics Patents.

53.     Scent Crusher knowingly induced the direct infringement of the Ozonics Patents by instructing and encouraging others to use the Field Pro and Field Lite in an infringing manner, providing a mechanism through which third parties may infringe the Ozonics Patents, and by advertising and promoting the use of the Ozonics Patents in an infringing manner, and distributing

15

instructions and advice to third parties on how to use the Field Pro and Field Lite in an infringing manner.

54.     Under 35 U.S.C. § 283, Ozonics is entitled to a preliminary and permanent injunction prohibiting Scent Crusher from further making, using, selling or offering to sell the Field Pro or Field Lite in a manner infringes the Ozonics Patents and from encouraging and inducing others to do the same.

55.     Ozonics is entitled to damages resulting from Scent Crusher's infringing activities under 35 U.S.C. § 284.

56.     This case is exceptional.  Scent Crusher's continued use of the Field Pro and Field Lite in a manner that practices one or more of the methods claimed in the Ozonics Patents evidences a deliberate and reckless disregard for Ozonics' patent rights and constitutes a willful infringement of the Ozonics Patents.  Ozonics, therefore, is entitled to enhanced damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## **PRAYER FOR RELIEF**

FOR THESE REASONS, Ozonics prays for a judgment in its favor and against Scent Crusher as follows:

A.      Final judgment that Scent Crusher has infringed and intentionally induced infringement of the '180 patent, the '177 patent, and the '015 patent;

B.      Preliminary and permanent injunctive relief enjoining Scent Crusher, its officers, directors, principals, agents, servants, employees, successors and assigns, and all other abiding, abetting, or acting in concern or active participation therewith, from using, selling, and/or offering

for sale, directly or indirectly, the Field Pro or Field Lite in any manner whatsoever that infringes the '180 patent, the '177 patent, or the '015 patent; and from promoting any infringing use of the Field Pro or Field Lite;

C.      An order compelling Scent Crusher to pay to Ozonics damages caused by Scent Crusher's infringement to the fullest extent allowed by the Patent Act;

D.      An award to Ozonics against Scent Crusher of enhanced damages pursuant to 35 U.S.C. § 284 due to Scent Crusher's exceptional misconduct and willful infringement;

E.      A declaration that this case is exceptional and an award to Ozonics, against Scent Crusher, of the costs of this action and reasonable attorneys' fees and expenses incurred in this action pursuant to 35 U.S.C. § 285, and the equity powers of the Court;

F.      An award to Ozonics and against Scent Crusher of prejudgment interest on all sums allowed by law; and

G.      An award to Ozonics of such other and further relief as the Court deems appropriate.

## JURY DEMAND

Ozonics demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the laws of the United States.

Dated this 19th day of July, 2018.

**ADAMS JONES LAW FIRM, P.A.**

*/s/ Patrick B. Hughes*

Patrick B. Hughes, #16648
1635 N. Waterfront Parkway, Suite 200
Wichita, KS  67206
Telephone:  (316) 265-8591
Facsimile:  (316) 265-9719
Email: phughes@adamsjones.com

Brett L. Foster (*pro hac vice* applicant)
Tamara L. Kapaloski (*pro hac vice* applicant)
**DORSEY & WHITNEY LLP**
111 South Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile:  (801) 933-7373

*Attorneys for Plaintiffs*