## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| PARAH, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OZONICS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 6:18-cv-1208 |
| | ) | |
| v. | ) | |
| | ) | |
| MOJACK DISTRIBUTORS, LLC, | ) | |
| d/b/a SCENT CRUSHER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY

Brett L. Foster ("Mr. Foster") should be disqualified from acting as an advocate for Plaintiffs at both the forthcoming hearing on Plaintiffs' motion for preliminary injunction and at trial if he plans on directly or indirectly acting as a key witness for Plaintiffs that will testify about hotly contested issues. *See Lowe v. Experian*, 328 F.Supp.2d 1122, 1125 (D. Kan. 2004); *see also* KRPC Rule 3.7.

### Standard of Review

"The court has the inherent power to disqualify counsel 'where necessary to preserve the integrity of the adversary process.' Motions to disqualify counsel are committed to the court's sound discretion. A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice." *Lowe*, 328 F.Supp.2d at 1125. "The moving party bears the initial burden of going forward with evidence sufficient to establish a prima facie case that

disqualification is warranted. The ultimate burden of proof, however, lies with the attorney or firm whose disqualification is sought." *Id.*

**Statement of Facts**

1.      Mr. Foster is a partner at the law firm of Dorsey & Whitney, LLP. *See* **(Doc. 7) Foster Decl., ¶ 1.**

2.      Mr. Foster represents Plaintiffs Parah, LLC and Ozonics, LLC (collectively referred to as "Ozonics") in connection with their patent matters.  *See* **(Doc. 7) Foster Decl., ¶ 1.**

3.      Mr. Foster plans to act as lead trial counsel for Ozonics in the above-captioned case. *See* **(Doc. 7) Foster Decl., ¶ 1.**

4.      Mr. Foster authored a claim chart in support of Plaintiffs' motion for preliminary injunction opining on whether the Scent Crusher Products infringe the Ozonics Patents. *See* **(Doc. 7) Foster Decl. generally;** *see also* **(Doc. 6) at 7 – 14.**

5.      Until yesterday (August 14, 2018), Mr. Foster was the only individual identified by Plaintiffs who could potentially opine on Plaintiffs behalf as to the validity of the Ozonics Patents or as to whether MoJack's conduct actually constitutes infringement of the claims in the Ozonics Patents.

6.      It remains unclear whether Mr. Foster plans to testify as a witness at today's preliminary injunction hearing or at trial.

2

## Argument

Mr. Foster has issued a declaration and authored a document opining on patent validity and infringement. Both of those legal issues are critical to the merits of the above-captioned case and are hotly contested. Therefore, if Mr. Foster plans on (1) testifying as a witness at trial, (2) testifying as a witness at the forthcoming hearing, or (3) relying upon sworn documents that he authored as evidence in support of Plaintiffs' motion for preliminary injunction then he should be disqualified from acting as an advocate on behalf of Plaintiffs at the forthcoming hearing and at trial. Alternatively, Mr. Foster can act as an advocate for Plaintiffs at both the forthcoming hearing and at trial if he does not testify as a witness in either proceeding and does not rely upon sworn documents that he authored.

Subject to three exceptions that are not relevant given the facts of this case, the Kansas Rules of Professional Conduct ("KRPC") prohibit lawyers from acting as both advocates and witnesses during trial. *See* KRPC Rule 3.7. Although the express language of Rule 3.7 is limited to "trial," District of Kansas case law suggests that it may also apply to certain pre-trial proceedings. *See Lowe*, 328 F.Supp.2d at 1127 ("Thus, the Rule does not automatically require that a lawyer be disqualified from all pretrial activities, such as . . . motions practice. Disqualification from pretrial matters may be appropriate, however, where the activity 'includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.'" *Id.*at 1126-27.

The rationale behind Rule 3.7 is further explained by the comments:

. . .

The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's right in the litigation. A witness is required to testify on the basis of personal knowledge,

WA 11665269.1

while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

To protect the tribunal, paragraph (a) prohibits a lawyer from simultaneously serving as advocate and necessary witness except in those circumstances specified in paragraphs (a)(1) through (a)(3). . . .

*See* KRCP Rule 3.7, Comments [2] – [3].

Under KRCP Rule 3.7, Mr. Foster has a choice. He can act as an advocate for Plaintiffs at the forthcoming hearing and at trial or he can act as an expert witness on behalf of Plaintiffs while another partner from his firm acts as lead trial counsel. But Mr. Foster cannot perform both roles interchangeably throughout this litigation. Rule 3.7 and the case law are clear that an attorney acting in both capacities may lead to confusion and legal errors. Additionally, it will raise thorny issues about whether information regarding Mr. Foster's opinions on patent validity and infringement is protected by the attorney-client privilege and, if it is, which information is not protected. MoJack will certainly be prejudiced if Plaintiffs can shield Mr. Foster's opinions from scrutiny by arguing that any inquiry into the facts or conversations underlying his opinions would invade the attorney-client privilege.

## Conclusion

MoJack respectfully asks this Court to determine to what extent Mr. Foster intends on acting as a witness on behalf of Plaintiffs. If Mr. Foster indicates that he intends to do any of the following, then MoJack asks that the Court disqualify him from acting as an advocate on behalf of Plaintiffs at the forthcoming hearing and at trial:

(1) Testifying as a witness at trial;

(2) Testifying as a witness at the forthcoming hearing; or

(3) Relying upon sworn documents that he authored as evidence in support of Plaintiffs' motion for preliminary injunction.

Respectfully submitted,

SPENCER FANE LLP


/s/ Brian Peterson
Douglas M. Weems            KS #14771
Kyle L. Elliott                    KS #18169
Kevin Tuttle          KSD Bar No. 78436
Brian Peterson                   KS #26303
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216- Fax
dweems@spencerfane.com
kelliot@spencerfane.com
ktuttle@spencerfane.com
bpeterson@spencerfane.com
*Attorneys for MoJack Distributors, LLC*

WA 11665269.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 15, 2018, a copy of the foregoing was served via this

Court's CM/ECF system to all parties receiving electronic notice.

/s/ Brian Peterson
*Attorney for MoJack Distributors, LLC*

WA 11665269.1