**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| PARAH, LLC,  and  OZONICS, LLC,  Plaintiffs,  v.  MOJACK DISTRIBUTORS, LLC, d/b/a SCENT CRUSHER,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 6:18-cv-1208 |

**ORDER GRANTING PERMANENT INJUNCTION**

**BEFORE THE COURT** is the Parties' Joint Motion for Entry of Permanent Injunction. After duly considering the motion and the record, the Court finds the following:

1. The Parties settled all claims, counterclaims, and defenses during a mediation before Mediator Jay Daugherty on January 8, 2019, and have memorialized that settlement agreement into a formal agreement ("Agreement").

2. Pursuant to the Agreement, the Parties have jointly moved this Court to enter an order making this Court's Memorandum and Order granting preliminary injunction (Doc. 57) a permanent injunction.

3. The Parties stipulate and agree that the factual findings and legal conclusions of this Court to support its Memorandum and Order granting preliminary injunction (Doc. 57), support the entry of a Permanent Injunction. The Court agrees.

4.      For the purposes of this Order, the term "Patents-In-Suit" refers collectively to U.S. Patent No. 8,404,180 (the "180 Patent"), U.S. Patent No. 8,557,177 (the "177 Patent"), and U.S. Patent No. 7,939,015 (the "015 Patent").

5.      For the purposes of this Order, the term "Period of Validity" shall mean the period of time in which any of the Patents-In-Suit remain issued, maintained, un-lapsed, enforceable, and unexpired. The Period of Validity ends if any of the following occurs: (a) every claim of each of the Patents-In-Suit is revoked or held unenforceable or invalid by a final decision of a court or other governmental agency of competent jurisdiction, having authority over the Patents-In-Suit, and the final decision is not appealed or the final decision is not appealable; (b) every claim of each of the Patents-In-Suit is admitted to be invalid or unenforceable through reissue, disclaimer, or other similar means; (c) every claim of each of the Patents-In-Suit expires; or (d) any combination of the above, affecting every claim of each of the Patents-in-Suit.

6.      **IT IS THEREFORE ORDERED** that the Parties' Joint Motion for Entry of Permanent Injunction, Doc. 77, is **GRANTED.**

7.      **IT IS FURTHER ORDERED** that MoJack, and its agents, officers, servants, employees, and all other persons acting on its behalf, are hereby, for the remaining Period of Validity for the Patents-In-Suit, permanently enjoined and restrained from making, using, advertising, selling, or offering to sell the Field Pro, the Field Lite, or any other portable ozone generator for use by hunters in the field, or any other products that infringe the '015 Patent, the '177 Patent, and the '180 Patent.

8.      **IT IS FURTHER ORDERED** that within 10 days of the Permanent Injunction issuing, MoJack must provide written notice of this Order Granting Permanent Injunction to all retail outlets that sold or offered for sale through any physical stores or online any product that

infringes the '180 Patent, '177 Patent, and the '015 Patent, including the Field Pro and Field Lite products, and a directive to cease all sales of those products.

9. **IT IS FURTHER ORDERED** that Plaintiffs' Injunction Bond that has been posted (Doc. 58) is hereby released.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2019.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE